# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

CHARLIE A. ROSS,

                Petitioner,

v.                                             CIVIL ACTION NO. 5:08-cv-01187

UNITED STATES OF AMERICA,

                Respondent.

## MEMORANDUM OPINION AND ORDER

The Petitioner, Charlie A. Ross ("Petitioner"), proceeding *pro se,* brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner requests this Court to review his conviction, "remove his false charge [of possession of a firearm in furtherance of a drug trafficking crime], and enforce the contractual prison term of 87 months[.]" (Habeas Corpus Petition Pursuant to 28 U.S.C. § 2241 and the U.S. Constitution ("Section 2241 Petition") (Document No. 1) at 8.) For the reasons that follow, the Court does hereby notify the Petitioner that the Court intends to recharacterize his Section 2241 Petition as a Motion to Vacate, Set Aside or Correct Petitioner's Sentence pursuant to 28 U.S.C. § 2255, and transfer the matter to the sentencing court. Additionally, the Court finds that Petitioner's Motion for Disposition (Document No. 6) should be denied as moot.

---

[1] Since Petitioner is proceeding *pro se,* his Petition will "be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

I.

On June 16, 2004, Petitioner pled guilty to possession of pseudoephedrine with intent to manufacture methamphetamine (count two) and possession of a firearm in furtherance of a drug trafficking crime (count three), in the Northern District of West Virginia. On March 15, 2005, Petitioner was sentenced to one hundred nine (109) months of imprisonment as to count two, a consecutive period of imprisonment of sixty (60) months as to count three, and concurrent three-year terms of supervised release. The balance of the ten count indictment against Petitioner was dismissed. On May 12, 2005, with leave of the court, Petitioner filed his direct appeal. In an unpublished opinion entered April 5, 2006, the United States Court of Appeals for the Fourth Circuit dismissed the appeal finding that Petitioner, in his plea agreement, waived his right to appeal his sentence. The Court further found that the Government did not breach the plea agreement and that Petitioner's sentence placed him within the scope of the appeal waiver. *United States v. Ross*, 174 F. App'x 177 (4th Cir. 2006). The mandate was entered on May 1, 2006. It appears that Petitioner has not filed a habeas petition pursuant to 28 U.S.C. § 2255.

Petitioner, currently an inmate at Federal Correctional Institute-Beckley ("FCI-Beckley"), filed the instant Section 2241 Petition on October 16, 2008.[2] In his Section 2241 Petition, Petitioner challenges his conviction and sentence on the basis that: (1) count three, possession of a firearm in furtherance of a drug trafficking crime, was made without due process of the law, in violation of the Fifth Amendment to the United States Constitution, (2) his "plea of guilt[y] to an impossible crime" was coerced, (3) the Government breached its contract with him by failing to fulfill its promise of

---

[2] By Standing Order entered on October 16, 2008, this matter was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. (Document No. 2) This Court vacated that Order on June 10, 2011 and will now proceed to review the case. (Document No. 7)

a maximum ten-year sentence, (4) the Government falsified the record and charge to count three which prejudiced the sentencing court, and (5) he was denied the three-point downward departure for failing to corroborate false statements, in violation of the law. (Section 2241 Petition at 2-6.)

II.

The statutory framework for post-conviction relief from federal judgments of conviction is found in Chapter 153 of Title 28 of the United States Code. A Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief. A petition brought pursuant to Section 2241 attacks the manner in which a sentence is executed. 28 U.S.C. § 2241(a). However, a federal inmate seeking to collaterally attack the imposition or validity of his federal judgment and sentence is required to bring a motion to vacate the sentence pursuant to 28 U.S.C. § 2255(a).[3] *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). "In contrast to a [Section] 2255 habeas petition, which is filed with the original sentencing court, a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined." *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008); 28 U.S.C. § 2255(a). While a federal prisoner may not seek collateral relief from a conviction or sentence by way of a Section 2241 petition generally, there is an

---

[3] Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 (a).

exception under the oft-referenced "savings clause" in Section 2255. The provision provides that a prisoner may seek relief under Section 2241 if the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The "savings clause" is not triggered "merely . . . because an individual is procedurally barred from filing a Section 2255 motion[.]" *Vial*, 115 F.3d at 1194. Additionally, Section 2255 "is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit Court of Appeals has recognized that the savings clause applies only in very limited circumstances. Specifically, Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *Jones*, 226 F.3d at 333-34.); *Darden v. Stephens*, No.10-7496, 2011 WL 1625094, at *1 (4th Cir. Apr. 29, 2011). The petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective. *Hood v. United States*, 13 F.App'x 72 (4th Cir. 2001) (unpublished decision); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

III.

A review of Petitioner's Section 2241 Petition reveals that he is requesting that his conviction and sentence be overturned by asserting constitutional violations and other grounds. While Petitioner may have styled his filing as a Section 2241 Petition, it is assuredly a thinly veiled Section 2255 motion. There has been a "longstanding practice of courts to classify *pro se* pleadings

4

from prisoners according to their contents, without regard to their captions." *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (citing *United States v. Emmanuel*, 288 F.3d 644, 647 (4th Cir. 2002)). Moreover, Petitioner has not demonstrated, nor can he, that Section 2255 is inadequate or ineffective such that he is entitled to resort to Section 2241. Indeed, there is no indication in the record that he has ever sought relief pursuant to Section 2255.

Since challenges of the underlying conviction or sentence are not properly considered under Section 2241, in the interest of justice, this Court finds that Petitioner's Section 2241 Petition should be construed as a motion made pursuant to 28 U.S.C. § 2255 and is, therefore, subject to the gateway and procedural requirements thereof. "[A] district court may not recharacterize a prisoner's filing as a [Section] 2255 petition without notifying the prisoner of its intent to recharacterize the motion, warning the prisoner of the effects of recharacterization, and giving the prisoner an opportunity to withdraw or amend his motion." *United States v. Blackstock*, 513 F.3d 128, 131 (4th Cir. 2008) (citation omitted); *see also Castro v. United States*, 540 U.S. 375, 383 (2003) (The Supreme Court held that if a district court recharacterizes a prisoner's motion as his first [Section] 2255 motion, "the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that the recharacterization means that any subsequent [Section] 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [Section] 2255 claims he believes he has."). Moreover, this Court lacks jurisdiction to consider Petitioner's Section 2255 motion since claims challenging the validity of a conviction or sentence must be brought in the court which imposed the sentence. In this case, it was the Northern District of West Virginia. 28 U.S.C. § 2255(a).

Additionally, this Court observes that if this matter is recharacterized as a Section 2255 motion, it appears that the Section 2255 motion may be barred as untimely under the one-year limitation period of Section 2255.[4] Petitioner's conviction and sentence were imposed by Judgment filed on April 6, 2005, and the United States Court of Appeals for the Fourth Circuit dismissed his direct appeal on April 5, 2006. Petitioner did not file a petition for writ of certiorari in the Supreme Court of the United States. Therefore, it appears that his conviction became "final" for purposes of the one-year statute of limitations on July 4, 2006, or 90 days after the Fourth Circuit entered judgment on his direct appeal.[5] *See Clay v. United States*, 537 U.S. 522, (2003) (holding that in the context of post-conviction relief, "for federal criminal defendants [like Petitioner] who do not file a petition for certiorari with [the Supreme] Court on direct review, [Section] 2255's one-year limitation period starts to run when the time for seeking such review expires."); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009). This one-year limitation period may be raised *sua sponte* by the Court. *See Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); *see also Untied States v. Sosa*, 364 F.3d 507, 510 (4th Cir. 2004) (applying *Hill* to a Section 2255 action.) However, the Fourth Circuit in *Hill* has instructed that before a court can *sua sponte* dismiss a habeas petition as untimely,

---

[4] A 1-year period of limitation shall apply to a motion under [Section 2255]. The limitation period shall run from the latest of —
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[5] The instant petition was not filed until October 16, 2008, and appears untimely on its face.

the petitioner must be provided "notice and an opportunity to respond." *Hill*, 277 F.3d at 707. Further, the one-year limitation period is subject to equitable tolling. However, equitable tolling is available only in "'those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation against the party.'" *Id*. at 704 (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *Sosa*, 364 F.3d at 512. The United States Supreme Court constructed the framework for equitable tolling in the post conviction context by requiring a petitioner to demonstrate (1) that he has been pursuing his rights diligently, and (2) that extraordinary circumstances stood in his way and prevented timely filing. *Holland v. Florida*, --- U.S. ---, 130 S.Ct. 2549, 2562 (2010); *United States v. Oriakhi*, 394 F.App'x 976 (4th Cir. 2010) (unpublished decision) (considering that equitable tolling applies to Section 2255 proceedings and utilizing test in *Holland*). It appears that Petitioner's recharacterized Section 2255 motion may be untimely. However, on the record before the Court, which is devoid of any discussion about the timeliness of the petition or whether Petitioner was impeded from filing within the one-year limitation period, this Court cannot make any determination regarding whether the recharacterized Section 2255 motion could be timely due to any applicable consideration of equitable tolling.

IV.

Given that this Court has found reason to recharacterize the Petitioner's instant Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 as a Motion to Vacate, Set Aside or Correct Petitioner's Sentence pursuant to 28 U.S.C. § 2255, and determined that the one-year statute of limitations may be an issue, Petitioner is hereby **NOTIFIED** as follows:

7

**(1)** This Court intends to recharacterize his Section 2241 Petition as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to Section 2255 and transfer the motion to the sentencing court in the Northern District of West Virginia[6];

**(2)** Since it appears that such a recharacterization would be Petitioner's first Section 2255 motion, Petitioner must advise the Court whether he: (a) objects to the Court construing his Petition as a Section 2255 motion, (b) desires to withdraw his motion, or (c) desires to amend the motion so that it contains all of the Section 2255 claims he intends to make;

**(3)** In considering whether to proceed under Section 2255, or on the Petition as filed, Petitioner is advised that: (a) there is a one-year limitation period within which to file a Section 2255 motion;[7] (b) only one Section 2255 motion is permitted to be filed, and (c) a prisoner is not entitled to "file a second or successive . . . [Section] 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals[]"[8], (d) a petitioner may collaterally attack his conviction under Section 2241 when he demonstrates that a motion under Section 2255 is "inadequate or ineffective to test the legality of his detention." *Vial*, 115 F.3d at 1194 (4th Cir. 1997); 28 U.S.C. § 2255(e), and

**(4)** The recharacterized Section 2255 motion may be time barred and subject to dismissal. However, as discussed above, Petitioner has the opportunity to establish that his claims are not time barred or that equitable tolling is applicable.

Therefore, based upon the foregoing, the Court does hereby **ORDER** that Petitioner shall have until **July 13, 2011, twenty (20) days** from the date of this Order, in which to inform this

---

[6] *See supra* n.3. Additionally, this Court makes no finding with respect to whether the claims alleged herein were waived by Petitioner's plea agreement. *See United States v. Ross*, 174 F. App'x 177 (4th Cir. 2006).

[7] *See supra* n.4.

[8] Before a federal inmate may litigate a second Section 2255 habeas petition, Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Court, in writing, whether he objects to the Court recharacterizing his Petition as being brought pursuant to Section 2255 or if he wishes to "withdraw the motion or to amend it so that it contains all the [Section] 2255 claims he believes he has." *Castro*, 540 U.S. at 383. If Petitioner does not object to the recharacterization, he must also demonstrate to the Court that the Section 2255 motion would be "filed within the proper time period," (*Hill*, 277 F.3d at 708) and his motion will be transferred to the sentencing court. If Petitioner objects to the recharacterization, his Section 2241 Petition will be ruled upon as styled, and dismissed for the reasons discussed herein.

Petitioner is advised that if he does not file *any* response to this Order within the time prescribed, his Section 2241 Petition will be recharacterized as a Section 2255 motion and dismissed as untimely. Moreover, in light of the instant ruling, the Court does hereby **ORDER** that Petitioner's Motion for Disposition (Document No. 6) be **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 23, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA